IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DOUG HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-3300-SEM-KLM |
| | ) |
| ILLINOIS STATE BOARD | ) |
| OF EDUCATION | ) |
| | ) |
| Defendant, | ) |

**DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS**

Defendant, the ILLINOIS STATE BOARD OF EDUCATION, by and through its attorney, Kwame Raoul, Attorney General for the State of Illinois, moves pursuant to Federal Rule of Civil Procedure 36(b) to withdraw some of its admissions. In support of this motion, Defendant provides the following:

1. Plaintiff filed this FMLA interference suit pursuant to 29 U.S.C. 2615(a)(1) on November 9, 2020. [Doc. 1].

2. Defendant filed its answer on January 25, 2021. [Doc. 6]. In its answer, Defendant explicitly denied that Plaintiff had protected leaves of absence throughout December 2019 and January 2020. [*Id.*, p. 4, ¶13]. Similarly, Defendant denied that Plaintiff's termination in January 2020 violated Plaintiff's rights under the FMLA because he was impermissibly disciplined for utilizing protected leave. [*Id.*, p. 4, ¶14].

3. On March 12, 2021, Defendant responded to requests for admission propounded by Plaintiff. [*See* Doc. 10]. Defendant admitted that several of Plaintiff's absences were protected by the FMLA. [*Id*. at ## 1-12].

1

4. Plaintiff has relied upon those admissions in his motion for summary judgment. [Doc. 19, pp. 16-17, UMF ## 59-70]. He argues that Defendant's admissions "have effectively waived any arguments that Hubbard's absences were not protected." [Doc. 19, p. 23]. And that the admissions with respect to January 2 and 3, 2020, should "alone be dispositive." [*Id.*, p. 28].

5. Although the issue is more complicated than reflected in Plaintiff's request for admissions and Defendant's responses, Defendant seeks to withdraw the admissions to numbers 1-12 in order to correct the record.

6. This Court may permit the admissions to be withdrawn if it would promote the presentation of the merits of the action and the Court is not persuaded it would prejudice the requesting party in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b).

7. Withdrawing admissions may be granted by the Court, particularly when admissions are clearly inconsistent with other discovery responses. *Johnson v. Target Corp.*, 487 Fed. Appx. 298, 300 (7th Cir. 2012). Doing so has been proper when discovery has closed. *Id.* Presentation on the merits is subserved when deemed admissions essentially eliminate a party's case entirely. *Van Hoose v. Nucor Corp.*, 2007 WL 2898697, 2007 U.S.Dist. LEXIS 73298, *1 (S.D. Ind. Apr. 13, 2007). When admissions sought to be withdrawn essentially admit necessary elements of the case, it has been proper to permit their withdrawal. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The "presentation of the merits" prong requires only that withdrawing admissions must "serve the full presentation of the case on its merits," not necessarily that the admissions must eliminate any presentation of the merits. *Januszewski v. Vill. of Oak Lawn*, 2008 WL 4898959, *2 (N.D. Ill. Nov. 12, 2008).

8. Prejudice to the requesting party under FRCP 36(b) requires prejudice against the case on the merits, not requiring a party to prove what it was always responsible for: maintaining the action at trial. *Van Hoose*, 2007 WL 2858697 at *1.

9. Conversely, withdrawal is appropriate if the party seeking requests cannot show withdrawal prejudices his case. Rule 36(b); *Hadley*, 45 F.3d at 1348. Courts may allow withdrawal of admissions through proper motion. *Target*, 487 Fed. Appx. at 300.

10. Plaintiff was aware that Defendant denied Plaintiff's allegations regarding each of the days taken off when Plaintiff propounded the requests for admissions. Although the dates were later encompassed as part of a block of approved FMLA time, that does not mean that each absence was necessarily protected. Further, it depends on which time frame you are looking at, since the FMLA approval did not occur until well after the absent dates at issue. At the very least, Defendant should have qualified its responses to requests 1-12 to conform with its answer and the other admissible evidence, rather than submit an unqualified admission to those requests.

11. "There is no prejudice if the withdrawing party's submissions have otherwise consistently denied the admitted facts, the party opposing the withdrawal conducted thorough discovery, or the withdrawal is made before trial and discovery may be reopened." *Target*, 487 F. App'x at 300.

12. Because there can be no surprise to Plaintiff based upon the discovery and other filings in this case, and because litigation is not a "game of gotcha," *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 419 (7th Cir. 2019) ("Litigation is adversarial, not a game of gotcha."), Defendant seeks to withdraw the admissions to Plaintiff's requests 1-12.

WHEREFORE, Defendant respectfully requests that this Court withdraw the admissions to Plaintiff's requests to admit 1- 12 in order to conform with the facts and filings in this matter.

                              Respectfully submitted,

                              ILLINOIS STATE BOARD OF EDUCATION,

                                  Defendant,

                              KWAME RAOUL, Attorney General
                              State of Illinois,

Lisa A. Cook, #6298233
Assistant Attorney General                Attorney for Defendant,
500 South Second Street
Springfield, Illinois  62701
(217) 785-4555 Phone                    By:   s/ Lisa A. Cook
(217) 524-5091 Fax                           LISA A. COOK
Email: lisa.cook@ilag.gov                  Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| DOUG HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-3300-SEM-KLM |
| | ) |
| ILLINOIS STATE BOARD | ) |
| OF EDUCATION | ) |
| | ) |
| Defendant, | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, the foregoing document, ***Defendant's Motion to Withdraw Admissions***, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John A. Baker
Baker, Baker, & Krajewski. LLC
415 South Seventh Street
Springfield, Illinois 62701
jab@bbklegal.com

Respectfully submitted,

s/ Lisa Cook
Lisa Cook, #6298233
Assistant Attorney General
500 S. Second Street
Springfield, IL 62701

5